IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony James, a/k/a Anthony Glenn James, Jr., ) | C/A No.: 1:11-1646-HFF-SVH |
| Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Judge Deadra L. Jefferson; Jon Ozmint, SCDC; Lisa A. Thomas, Attorney at Law; William L. Runyon, Jr.; Daniel E. Shearhouse; and Julie J. Armstrong, ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Perry Correctional Institution. He brings this action alleging violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

In his complaint, Plaintiff alleges Defendant Deandra L. Jefferson, a South Carolina Circuit Judge, and Defendant Lisa A. Thomas, an attorney for a defendant Plaintiff sued in state court, conspired to file false pleadings and "clos[e]" his civil case in

state court. [Entry #1 at 3].  Plaintiff further alleges Defendant Jefferson "did this" in another state case without Thomas's assistance. *Id*.

Plaintiff also alleges his counsel in his post-conviction relief (PCR) case, William L. Runyon refused to amend the PCR application, refused to file a rule 59(e) motion, and refused to file an appeal on his behalf. [Entry #1 at 3]. Additionally, Plaintiff sues Defendant Julie J. Armstrong, Clerk of Court for Charleston County, for an alleged failure to properly file a malpractice case he brought against Runyon. *Id*.

Plaintiff sues Daniel E. Shearouse,[1] Clerk of the Supreme Court of South Carolina, for allegedly "closing" his appeal. [Entry #1 at 4]. According to the complaint, Plaintiff complied with the applicable rules and served the correct parties, but Shearouse nevertheless dismissed his case for failure to perfect proper service. *Id*.

Plaintiff sues Jon Ozmint, the former Director of the South Carolina Department of Corrections, based on an alleged policy that prohibits indigent inmates from receiving postage money for "restricted delivery certified mail postage and return receipt of service postage." *Id*. at 4–5.  Although Plaintiff claims this policy allowed Defendants Thomas and Jefferson to "file false pleadings" and Defendant Shearouse "to claim untimely service," he also admits that he was able to "make service of court pleadings alternatively." [Entry #1 at 5].

In his prayer for relief, Plaintiff seeks a jury trial, seven million dollars in compensatory damages, punitive damages, a hearing under Title 15 of the South Carolina

---

[1] Defendant Shearouse has been incorrectly identified as Daniel E. Shearhouse.

Code of Laws, appointment of a guardian *ad litem*, appointment of an attorney, and a court order directing that one of his state-law cases and his appeal be re-docketed. [Entry #1 at 6].

II.   Discussion

   A.   Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can

3

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff's claim against Judge Jefferson is barred by the doctrine of judicial immunity. The Fourth Circuit has previously addressed the doctrine of absolute immunity for judges as follows:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption . . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from

liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985 ) (absolute immunity "is an immunity from suit rather than a mere defense to liability").  Defendant Jefferson's decisions regarding Plaintiff's state civil cases are part of her judicial functions as a member of the State of South Carolina's judiciary. Plaintiff asserts no allegations against Defendant Jefferson involving activities that fall outside of her performance of judicial duties.  Therefore, Plaintiff's claims against Defendant Jefferson must be dismissed.

As the Clerk of Court of Charleston County and the Clerk of the Supreme Court of South Carolina respectively, Defendants Armstrong and Shearouse are immune from suit because of quasi-judicial immunity.  *See Westpoint v. Wilson,* C/A No. 2:11-1480-RMG, 2011 WL 3490262, *2 (D.S.C. Aug. 9, 2011)*; see also Abebe v. Propes*, C/A No. 0:11-1215-MBS-PJG, 2011 WL 2581385 (D.S.C. June 3, 2011), *adopted*, 2011 WL 2600593 (D.S.C. June 29, 2011) ("The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'") (citations omitted).  Therefore, it is recommended that Defendants Armstrong and Shearouse be granted summary dismissal.

Defendants Thomas and Runyon are subject to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999). Thomas, who represented parties Plaintiff sued in state court, is entitled to summary dismissal because her private representation of parties in state court is not action under color of state law. *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system"). Nor has Runyon, Plaintiff's court-appointed attorney, acted under the color of state law. *Vermont v. Brillon*, 129 S.Ct. 1283, 1286 (2009). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2-3 (4th Cir. 1980). Therefore, both Thomas and Runyon are entitled to summary dismissal.

With respect to Defendant Ozmint, Plaintiff acknowledges that he was able to make service of court pleadings alternatively. In order to recover for a claim for access to the courts, a plaintiff must show an actual injury to his litigation efforts as a result of a defendant's alleged actions. *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he or she has suffered an actual injury or specific harm to his litigation efforts as a result of the

defendant's actions). Because Plaintiff has not set forth an actual injury to his litigation efforts, it is recommended that the claims against Ozmint be summarily dismissed.

III.     Conclusion

For the foregoing reasons, the undersigned recommends the district judge dismiss this case without prejudice and without service of process.

IT IS SO RECOMMENDED.

September 2, 2011                             Shiva V. Hodges
Florence, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**