IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Anthony James, <br> aka Anthony Glenn <br> James, Jr., <br><br>                Plaintiff, <br><br>     v. <br><br><br> Jon Ozmint; Lisa A. Thomas; <br> William L. Runyon, Jr.; Daniel <br> E. Shearhouse; Julie J. Armstrong; <br> and Judge Deadra L. Jefferson, <br><br>                Defendants.[1] | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A No. 1:11–1646-TMC <br><br><br><br> **OPINION & ORDER** |

      Anthony James ("Plaintiff"), a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. The Magistrate Judge's Report and Recommendation (Dkt. # 18), filed on September 2, 2011, recommends that this case be dismissed without prejudice and without issuance and service of process.

      The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.

---

    [1]As noted by the Magistrate Judge, Defendant Shearouse's name is incorrectly spelled Shearhouse.

*See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation (Dkt. # 18 Attach. # 1). On September 19, 2011, Petitioner filed objections to the Report and Recommendation. (Dkt. # 20). The Court has reviewed those objections, but finds them to be without merit.

The Magistrate Judge recommended dismissal of the Plaintiff's claims against the state court judge named as a defendant, Judge Jefferson, on the basis of judicial immunity. (Report 4-5). In his objections, Plaintiff argues that this judge conspired to file false pleadings closing his case and committed perjury. (Objection # 1). This court adopts the Magistrate Judge's recommendation as judges are entitled to absolute immunity from a claim arising out of their judicial actions, even for claims alleging perjury. *Mireless v. Waco*, 502 U.S. 9 (1991). Judicial immunity is an immunity from suit, not just from damages. *Id*. "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id*. Therefore, Plaintiff's objection regarding his claims asserted against this Defendant is without merit.

The Magistrate Judge also recommended dismissal of Plaintiff's claims against the Clerk of Court of Charleston County and the Clerk of the South Carolina Supreme Court, Defendants Armstrong and Shearouse, based upon quasi-judicial immunity. (Report at 5). In his objections, Plaintiff argues that Shearouse committed perjury and both of these Defendants committed oppressive and tortious acts. (Objection # 2). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "'the danger that

disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.' " *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.1989)).  Accordingly, the court agrees with the Magistrate Judge and adopts her recommendation for dismissal of these claims as court clerks have absolute quasi-judicial immunity in suits against them for money damages even with allegations of oppression and tortuous conduct as Plaintiff has alleged. *See Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983).

The Magistrate Judge also recommended that Plaintiff's claims against his lawyers, Defendants Thomas and Runyon, be dismissed because neither acted under the color of state law.  (Report at 6.)    In his objections, Plaintiff argues that "Thomas and Runyon committed tortuous acts in parallel with persons who acted under color of state law." (Objection # 3).  In order to state a § 1983 claim, Plaintiff must prove (1) that he "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under the color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir.1998).  Plaintiff's attorneys, whether retained or appointed or a public defender, did not act under the color of state law. *See Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir.1980) (concluding a court-appointed attorney was entitled to dismissal of the plaintiff's § 1983 claim against him for want of state action); *Johnson v. Harris,* 483 F.Supp. 710, 712 (D.Md.1980) ("[C]ourt-appointed counsel in the normal situation do not act 'under color of' state law, for purposes of liability under § 1983, in undertaking representation of indigent defendants in criminal cases."); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir.1976)(a private attorney retained to represent a criminal defendant does not act under color of state law).  Therefore, these Defendants are dismissed from this case as they are not persons acting under the color of state law.

The Magistrate Judge recommended that Plaintiff's claims of denial of access to court

against Defendant Jon Ozmint be dismissed because Plaintiff failed to allege an actual injury. (Report 6-7). Inmates "have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, to succeed on such a claim, inmates are required to show some actual injury by "demonstrat[ing] that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 353 (1996). Here, as the Magistrate Judge found in his Complaint, Plaintiff failed to allege any specific injury stemming from this alleged denial. In his objections, however, Plaintiff now sets forth his allegation regarding his injury more specifically. Plaintiff specifically acknowledges that he was able to make service, but he contends that the action was dismissed on the ground of lack of proper service because he did not send the summons and complaint to the South Carolina Attorney General through "restricted delivery [or] certified mail." (Objection # 4). Plaintiff alleges an SCDC policy prohibits inmates from sending mail this way. *Id*. Taking judicial notice of the Plaintiff's state action and reviewing the state court's order of dismissal, the court notes it was dismissed because Plaintiff did not serve the South Carolina Attorney General. *Anthony James v. SCDC*, C/A 2010-CP-10-1193 (*available at* http://jcmsweb.charlestoncounty.org).[2] Furthermore, the state court noted that Plaintiff declared in a Declaration of Service that he had given the summons and complaint to the SCDC mailroom personnel with instructions to forward the documents to their supervisors. *Id.* There is nothing in this declaration about Plaintiff's attempts to serve the summons and complaint being thwarted due to SCDC policy. Accordingly, this claim against Defendant Ozmint is dismissed.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 18) and

---

[2]*See In re Katrina Canal Breaches Consolidated Litigation*, No. 05–4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D.La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").

incorporates it herein.  It is therefore **ORDERED** that the Complaint is **DISMISSED** without prejudice and without issuance and service of process.

  **IT IS SO ORDERED.**

                   s/Timothy M. Cain
                   United States District Judge

Greenville, South Carolina
October 31, 2011

## NOTICE OF RIGHT TO APPEAL

 The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.